## Shepherd et al. v. Shepherd.

February 2, 1951.

Elvis J. Stahr, Judge.

Jennings Kearby for appellant.

John C. Bondurant and James Warren for appellee.

JUDGE LATIMER—Affirming.

Appellee, a resident of Union City, Tennessee, and appellant, a resident of Fulton County, Kentucky, were married in Tennessee in January, 1947. They immediately took their abode with appellant's parents near Hickman where appellant operated a small sandwich shop. They lived together about 3 weeks, or until the

11th of February, when appellee returned to her home in Tennessee. Appellee then returned to her husband about March 29th and remained with him another three weeks when she again left him. In May of that year she filed suit for divorce alleging that she was pregnant by her husband and asked and sought maintenance for herself and support of her unborn child, and also obtained general attachment.

Appellant filed answer and counterclaim for divorce. As one of his defenses he alleged that he was sterile and was so before their marriage; therefore, he was incapable of being the father of a child.

On June 7th, and before the sale of the attached property, Mrs. Lulu Shepherd, mother of appellant, filed her intervening petition alleging that she was the owner of the sandwich shop equipment and asked that the attachment levied on the property be dismissed.

After considering the proof, the court granted appellee a divorce; determined the child, which was in esse at the time of the judgment, to have been born to this marriage union; and decreed that the husband pay $30 per month for its support. The intervening petitioner was held to be the owner of the property, but it was adjudged that she be given priority on the proceeds of the sale for an amount which exceeded her hospital bill, which her son had paid.

The two contentions raised here on appeal are, first, that the evidence of the husband's sterility was sufficient to overcome the presumption that a child born to the wife was legitimate, and, second, that the proof was not sufficient to show that the payment of the hospital bill constituted a reimbursement so as to give the husband a claim in that amount on the sandwich shop property.

Appellant introduced the evidence of Dr. Robertson and Dr. Fuller, whose examinations of appellant were made from 6 months to a year after the period of his cohabitation with wife. Their testimony shows that normally the semen should contain a million or more sperm cells per c. c. The examination showed the presence of only 50 to 100 live, motile sperm cells. However, the doctors admitted that the presence of one sperm cell was sufficient for fertilization. There was no proof of entire sterility prior to the marriage.

This child was born October 28, 1947. It is stipulated that the child was normal. Nine months prior to October 28, 1947, would place the date of conception about January 28, 1947. The parties were married January 22, 1947. In the absence of a showing of complete sterility during this period, certainly the legal presumption of the child's legitimacy must prevail. Williams v. Williams, 311 Ky. 45, 223 S. W. 2d 360. It will readily be seen that this testimony is not sufficiently persuasive or convincing to justify bastardization of this child.

As to the claim of ownership of the equipment by intervening petitioner, we find contradictory evidence. Apparently, the property was sold by agreement of the parties and Mrs. Lulu Shepherd accepted the amount allowed her. It may be that she did furnish the appellant some money to pay for some of this equipment, but it is also shown that he reimbursed her in a substantial amount by the payment of her hospital bill.

We think the court correctly adjudicated the matter.

The judgment is affirmed.